**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SAPUTO CHEESE USA INC., | CASE NO. 13-4245 |
| Plaintiff, | **COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |
| v. | |
| KRAFT FOODS GROUP, INC. and KRAFT<br>FOODS GROUP BRANDS LLC, | |
| Defendants. | |

Plaintiff, Saputo Cheese USA Inc. ("Saputo"), for its Complaint against Defendants,

Kraft Foods Group, Inc. ("Kraft Foods") and Kraft Foods Group Brands LLC ("Kraft Brands"),

states and alleges as follows:

**NATURE OF THE CASE**

1.      This action arises from Defendants' unauthorized use of the TOPPERS mark in

interstate commerce in connection with their cheese products.

2.      Defendants' actions are not authorized by Saputo and represent an effort to trade

on the valuable goodwill and reputation associated with Saputo and its well-known, federally

registered mark.  Thus, this is an action for infringement of a federally registered trademark, in

violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; for federal trademark infringement

and unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for

federal false advertising, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

for violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510; and for

trademark infringement and unfair competition, in violation of the common law of the State of

Illinois.

3.       Saputo seeks, among other remedies, injunctive and monetary relief for injuries that have been, and will continue to be, caused by Defendants' unauthorized use of the TOPPERS mark.

## THE PARTIES

4.       Saputo is a Delaware corporation with its principal place of business at One Overlook Point, Suite 300, Lincolnshire Corporate Center, Lincolnshire, Illinois 60069.

5.       Upon information and belief, Defendant Kraft Foods is a Virginia corporation with a principal place of business at Three Lakes Drive, Northfield, Illinois 60093.

6.       Upon information and belief, Defendant Kraft Brands is a Delaware limited liability company with a principal place of business at Three Lakes Drive, Northfield, Illinois 60093.

## JURISDICTION AND VENUE

7.       This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this is a civil action arising under an Act of Congress relating to trademarks.  This Court has supplemental jurisdiction over the Illinois state claims pursuant to 28 U.S.C. § 1367(a) because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8.       Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside in this judicial district, because the claims alleged in the Complaint arose, in part, in this judicial district, and because this Court has personal jurisdiction over Defendants in the Northern District of Illinois.

## FACTS COMMON TO ALL COUNTS

### Saputo's Business and Its Trademark Rights in the TOPPERS® Mark

9.      Saputo, itself and/or through its licensees, manufactures, promotes, markets, advertises, distributes, and sells a wide array of high quality food products of the utmost quality in the United States, including cheese.  Saputo is among the top three cheese producers in the United States.

10.      Since 1996, Saputo has advertised, marketed, and sold TOPPERS® brand cheese in interstate commerce.  A photograph of one of the TOPPERS brand cheese products promoted, marketed, advertised, distributed, and sold by Saputo is set forth below:



11.      The TOPPERS mark has achieved consumer recognition and acceptance as signifying a high quality brand of cheeses.

12.      Saputo's rights in and to the TOPPERS mark are embodied, in part, in United States Trademark Registration No. 2,330,529, which covers "cheese."  A true and correct copy of the TOPPERS registration is attached as Exhibit A and is incorporated herein by reference.

13.      U.S. Trademark Registration No. 2,330,529 is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.

14.      Saputo has expended sizeable resources advertising and promoting its goods featuring the TOPPERS mark.

15.     As a direct result of the considerable time and effort Saputo has invested in promoting its cheeses featuring the TOPPERS mark, Saputo's customers, its competitors, and the relevant consuming public have come to associate the high quality cheeses offered by Saputo under the TOPPERS mark with the TOPPERS mark.

16.     As a direct result of Saputo's use and promotion of the TOPPERS mark, the TOPPERS mark has become a valuable asset of Saputo, one which signifies to the consuming public a standard of high quality cheeses originating exclusively from Saputo.

### Defendants' Business and Their Unlawful Conduct

17.     Defendants are in the business of manufacturing, promoting, marketing, advertising, distributing, and selling cheese.

18.     Defendants manufacture, promote, market, advertise, distribute, and/or sell their cheese products throughout the United States.

19.     Defendants manufacture, promote, market, advertise, distribute, and/or sell VELVEETA® brand cheese products throughout the United States, including in the State of Illinois.

20.     Defendants are currently promoting, marketing, advertising, distributing, and/or selling a line of VELVEETA brand cheese products throughout the United States under the mark TOPPERS.  A photograph of one of the TOPPERS brand VELVEETA cheese products promoted, marketed, advertised, distributed, and/or sold by Defendants is set forth below:



21.     Upon information and belief, Defendants first used the TOPPERS mark in connection with their cheese products in late 2012.

22.     Upon information and belief, Defendants adopted, are using, and intend to continue using, the TOPPERS mark despite actual knowledge of Saputo's prior use of, and exclusive rights in, the TOPPERS mark.

23.     Saputo has not consented to, or authorized in any way, Defendants' use of the well known and federally registered TOPPERS mark.

24.     For many years before Defendants began use of the identical TOPPERS mark, Saputo had used and extensively promoted and marketed the TOPPERS mark in connection with cheeses.

25.     Long before Defendants began use of the identical TOPPERS mark, Saputo's substantial use and advertising of the TOPPERS mark throughout the United States resulted in the TOPPERS mark being associated exclusively with Saputo and Saputo's high quality products.

26.     Defendants' use of the TOPPERS mark in connection with cheese products is likely to cause confusion or mistake or to deceive consumers into thinking that the cheese products advertised and sold by Defendants using the TOPPERS mark are authorized by, or affiliated, connected, or otherwise associated with, Saputo.

27.     Defendants' use of the TOPPERS mark in connection with cheese products is likely to cause confusion or mistake or to deceive consumers into thinking that the cheeses advertised and sold by Saputo using the TOPPERS mark are authorized by, or affiliated, connected, or otherwise associated with, Defendants.

28.    Upon learning of Defendants' use of the TOPPERS mark, Saputo's counsel sent a cease-and-desist letter to Defendant Kraft Foods on May 23, 2013, demanding that Defendants immediately cease all use, including, but not limited to, on packaging and in any advertising and promotional materials, of the TOPPERS mark or any term that is confusingly similar thereto.  A true and correct copy of Saputo's counsel's May 23, 2013, letter is attached as Exhibit B and is incorporated herein by reference.

29.    On May 31, 2013, Defendant Kraft Foods responded by email to Saputo's counsel, acknowledging receipt of the May 23, 2013, letter, and indicating that Defendant Kraft Foods was "looking into this matter" and would provide "substance response to your letter soon."  A true and correct copy of Defendant Kraft Foods' May 31, 2013, email is attached as Exhibit C and is incorporated herein by reference.

30.    As of the filing of the above-captioned Complaint, Defendants have refused to cease and desist from their use of the TOPPERS mark.

31.    Upon information and belief, in willful violation of the Lanham Act, Defendants elected to promote, market, advertise, distribute, and/or sell cheese products under the TOPPERS mark in an attempt to deceive the public and trade off of the substantial goodwill created by Saputo in connection with its TOPPERS mark.

32.    Defendants' conduct complained of herein has been and is done with the intent to cause confusion, mistake, or deception as to the source or affiliation of the parties' respective products.

33.    Defendants have misappropriated Saputo's substantial property rights in the TOPPERS mark, as well as the substantial goodwill associated therewith.  Unless restrained and

enjoined by this Court, such conduct will permit Defendants to gain an unfair competitive advantage over Saputo.

34.     If Defendants are permitted to continue promoting, marketing, advertising, distributing, and selling cheese products using the TOPPERS mark, Saputo will suffer irreparable injury to the its goodwill and reputation, for which Saputo has no adequate remedy at law.

**COUNT I**

**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK**

35.     Saputo incorporates by reference each and every allegation contained in Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36.     Saputo's use of the TOPPERS mark predates any alleged use by Defendants.

37.     Defendants have, without the authorization or consent of Saputo, used and intend to continue using in commerce a trademark that is identical to the registered TOPPERS mark in connection with the sale, offering for sale, distribution, and/or advertising of goods, and such use is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of those goods.

38.     The aforesaid acts of Defendants constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39.     The aforesaid acts of Defendants were committed willfully, with full knowledge of Saputo's rights, and with the intention of deceiving and misleading the public and causing harm to Saputo.

40.     As a direct and proximate result of Defendants' infringement, Saputo has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

41.     The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Saputo to suffer irreparable harm.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

42.     Saputo incorporates by reference each and every allegation contained in Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.     Saputo's use of the TOPPERS mark predates any alleged use by Defendants.

44.     Defendants' unauthorized use of the TOPPERS mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants or Defendants' goods or commercial activities with Saputo or Saputo's goods or commercial activities, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Saputo.

45.     Defendants' use of the TOPPERS mark is competing unfairly with Saputo in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46.     The aforesaid acts of Defendants constitute false designation of origin and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.     The aforesaid acts of Defendants were committed willfully, with full knowledge of Saputo's rights, and with the intention of deceiving and misleading the public and causing harm to Saputo.

48.     As a direct and proximate result of Defendants' infringing and unlawful acts, Saputo has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

49.     The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Saputo to suffer irreparable harm.

## COUNT III

### FEDERAL FALSE ADVERTISING

50.     Saputo incorporates by reference each and every allegation contained in Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51.     Saputo's use of the TOPPERS mark predates any alleged use by Defendants.

52.     Defendants' unauthorized use of the TOPPERS mark, in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of Defendants' goods or commercial activities.

53.     Defendants' use of the TOPPERS mark is a false or misleading statement of fact in a commercial advertisement about a product in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     Defendants' use of the TOPPERS mark in interstate commerce in connection with its cheese products has either deceived or has the capacity to deceive a substantial segment of potential consumers, and such deception is material, in that it is likely to influence the consumers' purchasing decisions.

55.     The aforesaid acts of Defendants constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.     The aforesaid acts of Defendants were committed willfully, with full knowledge of Saputo's rights, and with the intention of deceiving the public and causing harm to Saputo.

57.     As a direct and proximate result of Defendants' infringing and unlawful acts, Saputo has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

58.     The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Saputo to suffer irreparable harm.

<u>**COUNT IV**</u>

**VIOLATION OF THE UNIFORM DECEPTIVE
TRADE PRACTICES ACT UNDER ILLINOIS LAW**

59.     Saputo incorporates by reference each and every allegation contained in Paragraphs 1 through 58 of this Complaint as though fully set forth herein.

60.     Defendants' unauthorized use of the TOPPERS mark in connection with their goods is likely to cause confusion or mistake or to deceive as to the source or origin of their goods, resulting in unfair competition and deceptive trade practices in violation of the Deceptive Trade Practices Act under Illinois law, 815 ILCS 510.

61.     The aforesaid acts of Defendants were committed willfully, with full knowledge of Saputo's rights, and with the intention of deceiving and misleading the public and causing harm to Saputo.

62.     As a direct and proximate result of Defendants' unlawful acts, Saputo has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

63.     The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Saputo to suffer irreparable harm.

## COUNT V

## COMMON LAW TRADEMARK INFRINGEMENT

64.     Saputo incorporates by reference each and every allegation contained in Paragraphs 1 through 63 of this Complaint as though fully set forth herein.

65.     Saputo's use of the TOPPERS mark predates any alleged use by Defendants.

66.     The aforesaid acts of Defendants constitute trademark infringement in violation of common law.

67.     The aforesaid acts of Defendants were committed willfully, with full knowledge of Saputo's rights, and with the intention of deceiving and misleading the public and causing harm to Saputo.

68.     As a direct and proximate result of Defendants' infringing and unlawful acts, Saputo has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

69.     The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Saputo to suffer irreparable harm.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

70.     Saputo incorporates by reference each and every allegation contained in Paragraphs 1 through 69 of this Complaint as though fully set forth herein.

71.     The aforesaid acts of Defendants constitute unfair competition in violation of common law.

72.     The aforesaid acts of Defendants were committed willfully, with full knowledge of Saputo's rights, and with the intention of deceiving and misleading the public and causing harm to Saputo.

73.     As a direct and proximate result of Defendants' infringing and unlawful acts, Saputo has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

74.     The acts of Defendants complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Saputo to suffer irreparable harm.

**WHEREFORE**, Saputo requests that judgment be entered in its favor and against Defendants as follows:

1.     Preliminarily and permanently enjoining Defendants, their successors, officers, agents, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of them, from using (including, but not limited to, in connection with the promotion, marketing, advertising, and sale of product) the TOPPERS mark, and any other designation that is comprised of or incorporates the TOPPERS mark, any colorable imitation thereof, or any otherwise confusingly similar mark;

2.     Ordering that all products, labels, packaging, wrappers, signs, prints, banners, posters, brochures, or other advertising, marketing, or other promotional materials comprised of or bearing the TOPPERS mark be recalled and destroyed, along with the means for making the same, and that all Internet web sites, online advertising, marketing, promotions, or other online materials bearing the TOPPERS mark be removed permanently;

3.     Permanently enjoining Defendants, their successors, officers, agents, and employees, and anyone acting in active concert or participation with or at the behest or direction

of any of them, from seeking to register the TOPPERS mark and any other designation that is

comprised of or incorporates the TOPPERS mark, any colorable imitation thereof, or any

otherwise confusingly similar mark;

4.     Ordering Defendants to engage in corrective advertising with all distributors,

vendors, sales representatives, and account managers that received products, labels, packaging,

wrappers, signs, prints, banners, posters, brochures, or other advertising, marketing, or other

promotional materials comprised of or bearing the TOPPERS mark, to mitigate the damage done

to Saputo's reputation, damage done to the distinctive quality of the TOPPERS mark, and the

harm to the goodwill associated with the TOPPERS mark from Defendants' unlawful

infringement and unfair competition;

5.     Permanently enjoining Defendants, their successors, officers, agents, and

employees, and anyone acting in active concert or participation with or at the behest or direction

of any of them, from engaging false advertising or in any other conduct that suggests or tends to

suggest to the public that Defendants are in any manner, directly or indirectly, affiliated,

connected, or associated with Saputo or that Defendants' goods or commercial activities

originate from or are sponsored or endorsed by Saputo;

6.     Ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with the Court and

serve on Saputo's counsel within 30 days after service of the injunction, a written report, sworn

under oath, setting forth in detail the manner and form in which Defendants have complied with

the injunction;

7.     Declaring that Defendants' unauthorized use of the TOPPERS mark infringes

Saputo's rights in and to the TOPPERS mark;

8.     Declaring that Defendants' infringement was knowing, intentional, and willful;

9.      Awarding Saputo compensation for any and all damages, injury, or harm incurred as a result of Defendants' unlawful conduct;

10.     Ordering full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendants as a result of their wrongful conduct;

11.     Awarding Saputo treble damages resulting from Defendants' willful and intentional conduct;

12.     Awarding Saputo punitive and exemplary damages;

13.     Assessing Saputo's costs of this action and Saputo's attorneys' fees against Defendants; and

14.     Ordering or awarding any other such relief the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Saputo hereby demands a trial by jury on all issues so triable.

Dated: June 7, 2013

Respectfully submitted,

/s/ Meredith M. Wilkes

Meredith M. Wilkes
mwilkes@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Telephone:     (216) 586-3939
Facsimile:     (216) 579-0212

Krista S. Schwartz (6238053)
ksschwartz@jonesday.com
JONES DAY
77 West Wacker
Chicago, Illinois  60601-1692
Telephone:     (312) 782-3939
Facsimile:     (312) 782-8585

*Attorneys for Plaintiff*
*Saputo Cheese USA Inc.*